# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WISSAM AL-TAMIMI,

                       Petitioner,                      Case Number: 2:06-CV-12427

v.                                       HONORABLE NANCY G. EDMUNDS

MILLICENT WARREN,

                       Respondent.

                                           /

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Wissam Al-Tamimi is currently incarcerated at the Newberry Correctional

Facility in Newberry, Michigan. He has filed a *pro se* petition for a writ of habeas corpus,

pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree criminal sexual

conduct, home invasion, and assault and battery. For the reasons set forth below, the Court

denies the petition.

### I.      Background

Petitioner's convictions arise from a home invasion that occurred on September 25, 2003,

in Hazel Park, Michigan. The victim testified at the preliminary examination that, on that date,

she was sleeping in her bed when she was awakened by someone lying on top of her. She

identified that person as Petitioner, who lived nearby. She testified that Petitioner struck her and

forced her to engage in sexual intercourse. During the assault, Petitioner held a knife to her chin.

Petitioner left when he heard someone outside. The police were called and the victim was taken

to the hospital. The next morning, the victim realized her purse was missing from her home.

Petitioner was charged with first-degree criminal sexual conduct, first-degree home

invasion and assault and battery.  On January 9, 2004, he pleaded no contest to these charges

based upon a <u>Cobbs</u> evaluation that he would receive a nine year minimum sentence.[1]

On February 3, 2004, Petitioner was sentenced to 9 to 30 years imprisonment for the

criminal sexual conduct conviction, 5 to 20 years for the home invasion conviction, and 93 days

imprisonment for the assault conviction.  On May 12, 2004, Petitioner filed a motion to

withdraw his no contest plea.  After a hearing, the trial court denied the motion.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of

Appeals, presenting the following claim:

> Did the trial court commit reversible error in denying defendant's motion to
> withdraw plea and denying defendant an evidentiary hearing on the voluntariness
> of his plea?

The Michigan Court of Appeals denied leave to appeal.  <u>People v. Altamimi</u>,[2] No.

256962 (Mich. Ct. App. Nov. 4, 2004).  The denial was without prejudice to Petitioner's right to

file a motion in the trial court, pursuant to Mich. Comp. Laws § 770.16, for DNA testing.  It

appears that no such motion was filed in the trial court.

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising

the same claim raised before the Michigan Court of Appeals.  The Michigan Supreme Court

denied leave to appeal.  <u>People v. Altamimi</u>, No. 127519 (Mich. June 28, 2005).

---

[1] <u>People v. Cobbs</u>, 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence actually imposed exceeds the preliminary evaluation.  Petitioner does not allege any <u>Cobbs</u>-related violation.

[2] Petitioner's name is spelled "Altamimi" in state court proceedings. Citations to state court orders in this Opinion reflect that spelling.  Petitioner spelled his name with a hyphen, "Al-Tamimi," when he filed the pending petition, and the case caption in this Court reflects that spelling.

Petitioner then filed the pending petition. He raises the same claim presented to the Michigan state courts.

## II.    Standard of Review

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410-11.

3

**III.    Discussion**

Petitioner claims that he is entitled to habeas relief because his guilty plea was involuntary. Petitioner alleges that the his plea was involuntary because he was not provided with an interpreter during the plea hearing, and that his attorney's failure to obtain an interpreter for pre-trial communications with his attorney resulted in the constructive absence of counsel. Finally, Petitioner alleges that he is actually innocent of the crime.

To be valid, a guilty plea must be voluntarily and intelligently made. Brady v. U.S., 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." Id. at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." Id. at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. Id. at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." Lyons v. Jackson, 299 F.3d 588, 598 (6th Cir. 2002).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is

4

bound by his statements in response to that court's inquiry."

Ramos v. Rogers, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting* Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986)).

During the plea colloquy, Petitioner stated that no one coerced or pressured him into accepting the plea. *See* Transcript of Plea Proceedings, January 9, 2004. He also stated that he could read, write and understand the English language. Id. He responded appropriately to the trial judge's questions, indicating comprehension of those questions. In addition, in seeking permission to withdraw his guilty plea in the trial court, Petitioner did not allege that the failure to have an interpreter resulted in an involuntary plea. The trial court found that Petitioner understood the nature and consequences of his guilty plea and entered the plea knowingly and voluntarily and denied the motion to withdraw the plea.

The Court finds that the trial court's conclusion that the plea was voluntarily entered was not contrary to or an unreasonable application of Supreme Court precedent. As the trial court noted, Petitioner was given ample opportunity at the plea hearing to inform the trial court judge that he did not understand the plea. The consequences of the plea were explained to him and he indicated he understood those consequences. Petitioner is "bound by his statements" during the plea colloquy that he was not coerced into entering the guilty plea and that he understood the English language. Ramos, 170 F.3d at 564 (6th Cir. 1999) (internal quotation omitted).

Petitioner also argues that his attorney was ineffective in failing to request an interpreter for the plea hearing and for pretrial meetings between Petitioner and his attorney. Generally, to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of

reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

There are, however, instances in which prejudice from counsel's errors is presumed. Id. at 692; United States v. Cronic, 466 U.S. 648, 658 (1984). "[P]resumed prejudice is generally limited to three sets of circumstances: (1) where the accused is completely denied counsel, (2) where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, and (3) where, although counsel is available to assist the accused, the likelihood that any lawyer could provide effective assistance is so small that a presumption of prejudice is appropriate." Sherrod v. Tennessee, 61 Fed. Appx. 936, 937 (6th Cir. 2003). Petitioner argues that prejudice should be presumed in this case because counsel's failure to request an interpreter amounted to the denial of counsel. The right to counsel encompasses the right to confer with one's attorney, and the denial of the right to confer is a constitutional violation. Geders v. U.S., 425 U.S. 80, 91 (1976). Petitioner has not shown that he was denied that right. As discussed above, Petitioner testified, under oath, that he understood the English language, and his responsive answers to the trial court's questions support his testimony. Thus, he has not shown that he was unable to communicate with his attorney and prejudice will not be presumed. The Strickland test is, therefore, the appropriate standard.

The two-part Strickland test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the Strickland test is the same standard set forth above. Id. The second, or "prejudice," requirement, on the other hand, focuses on whether

counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Id. Petitioner makes no such showing here and, therefore, cannot establish prejudice.

Finally, Petitioner's claim of actual innocence was waived by his plea. A guilty plea waives any non-jurisdictional, constitutional challenge he might have and may attack only the nature of his plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Id.

"A plea of no contest invokes the same waiver principle" as a plea of guilty. Gomez v. Berge, 434 F.3d 940, 942 (7th Cir. 2006). *See also* Murr v. Turner, 1996 WL 683500, *1 (6th Cir. 1996) ("A defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea."). Those claims waived by a guilty or no contest plea include claims of actual innocence. U.S. v. Dungee, 228 Fed. Appx. 298, 303 (4th Cir. 2007); Nagele v Lewis, 1989 WL 74787, *2 (9th Cir. 1989); Hobson v. U.S., 2007 WL 2955587, *7 (E.D. Tenn. 2007). Thus, Petitioner waived his right to later assert his innocence by pleading no contest.

Petitioner has failed to show that the trial court's decision that his plea was voluntary and knowing was contrary to or an unreasonable application of Supreme Court precedent. Thus, the Court denies habeas corpus relief.

**IV.    Conclusion**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus

is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

 

 

<u>s/Nancy G. Edmunds</u>
**Nancy G. Edmunds**
**United States District Judge**

**Dated:  November 15, 2007**

**I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 15, 2007, by electronic and/or ordinary mail.**

<u>s/Carol A. Hemeyer</u>
**Case Manager**